In re James R. LEE, Debtor.

**NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Plaintiff,**

v.

**James R. LEE, Defendant.**

**Bankruptcy No. 93–13378 B, Adversary No. 96–1288 B.**

United States Bankruptcy Court, W.D. New York.

June 15, 1998.

Dennis C. Vacco, Attorney General of the State of New York, Albany, NY (Joseph Koczaja, New York State Department of Law, of counsel), for Plaintiff.

Embser & Woltag, P.C., Wellsville, NY, (G. William Gunner, of counsel), for Defendant.

CARL L. BUCKI, Bankruptcy Judge.

The New York State Department of Environmental Conservation has moved for summary judgment on two causes of action that it has asserted against James R. Lee in this adversary proceeding. The first cause of action seeks a determination that liabilities arising from violation of an environmental stipulation are non-dischargeable fines or penalties under section 523(a)(7) of the Bankruptcy Code. The second cause of action seeks a declaration that these obligations are post-petition expenses entitled to administrative priority.

James R. Lee was the owner and operator of a family cattle farm as well as of three oil-producing companies that were based in the Southern Tier of New York State. Beginning in at least 1989, the New York State Department of Environmental Conservation ("DEC") initiated steps to compel Mr. Lee and his companies to comply with various regulations. On November 4, 1993, the State commenced a criminal contempt proceeding against these parties. Then, on November 12, 1993, James Lee filed a petition for relief under Chapter 12 of the Bankruptcy Code.

While operating as a Chapter 12 debtor, Mr. Lee and the DEC negotiated a resolution of the outstanding environmental charges. They memorialized this settlement in a stipulation which the New York State Supreme Court for Allegheny County then approved in an order dated August 26, 1994. By this settlement, Lee agreed to a schedule for the plugging of oil wells and, in the absence of compliance, to the payment of monetary penalties. The settlement also included the imposition of fines in the event that Lee failed to comply with requirements for drilling fees, financial security, and the submission of annual oil well reports.

On August 29, 1994, this Court issued its order converting the Chapter 12 case of James R. Lee into a proceeding under Chapter 13 of the Bankruptcy Code. With knowledge of his obligations under the stipulation that the state court had approved on August 26, Lee proposed a plan for full repayment of all creditors. After a careful review of the debtor's financial circumstances, this Court confirmed the Chapter 13 Plan on November 15, 1994. Notwithstanding the expectation that the debtor would fulfill his commitments to the DEC, Lee soon encountered new environmental problems. On December 11, 1995, the DEC commenced proceedings to hold Lee in contempt of the earlier stipulation and order. In a decision dated February 23, 1996, the state Supreme Court found numerous violations of that stipulation and order, and imposed judgment against Lee in the amount of $776,270.64.

On March 18, 1996, this Court converted the Chapter 13 proceeding of James R. Lee into a case under Chapter 7. On behalf of the DEC, the attorney general for New York State filed a proof of claim for the amount of the outstanding Supreme Court judgment. To determine the dischargeability and priority of that obligation, the DEC initiated this adversary proceeding in October 1996. Based upon a stipulation of facts, the DEC now moves for summary judgment.

In seeking a determination of non-dischargeability, the DEC relies upon the provisions of 11 U.S.C. § 523(a)(7). This section provides that except with respect to

certain tax penalties, a Chapter 7 discharge does not discharge an individual debtor from any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." The issue that is now before this Court is whether Lee's indebtedness to the DEC is in the nature of such a fine, penalty or forfeiture. The debtor argues that his obligation lies in contract, rather than as an imposition of a fine or penalty to enforce some governmental rule or regulation. More specifically, he contends that the stipulation of August 1994 served both to terminate the outstanding enforcement proceedings and to create a contractual relationship between Lee and the DEC. In the debtor's view, the termination of enforcement proceedings worked to preclude a characterization of the judgment as a fine or penalty. Rather, he sees the breach of contractual obligations as giving rise to a mere claim for money damages, which the state court has calculated in accord with the default provisions of the stipulation of August 1994.

■ The error in the debtor's argument derives from an unfounded presumption that contractual damages are a type of claim that is exclusive and distinct from those in the nature of a fine, penalty or forfeiture. Such simplicity of categorization would reflect an unrealistic perception of options for enforcement of governmental rules and regulations. Nothing in the bankruptcy code precludes the possibility that the calculation of a fine or penalty might be grounded in a contractual agreement. In the process of enforcing the environmental laws of New York State, the DEC might appropriately agree to stipulations which will establish, by way of contractual right, both the liability for and quantification of damages that are in the nature of a fine, penalty or forfeiture. Notwithstanding the presence or absence of a stipulation such as that to which Lee and the DEC agreed, the issue remains whether the state has undertaken to impose liability in the form of a fine, penalty or forfeiture. For this answer, we most appropriately turn to the state court's own declaration of liability.

■ The DEC based its proof of claim upon a judgment which the New York State Supreme Court granted in February 1996 in the amount of $776,270.64. In awarding this judgment, Justice Peter R. Sprague rendered findings which confirm an intent to impose liability as a fine and penalty. Throughout the transcript of his oral decision, Justice Sprague described the judgment as a calculation of a penalty. He stated that Lee's liability arose under both the statute and the stipulation. The stipulation incorporated provisions of Article 23 of the New York Environmental Conservation Law, which at section 71–1307 sets forth a methodology which Justice Sprague employed for calculation of the debtor's liability. The basis of this penalty was a per diem charge, not a determination of any actual pecuniary damage. Thus, at page 9 of the transcript, Justice Sprague concluded

> that the penalty or damages of $1,000 per day may indeed seem to be an extremely severe penalty; however in light of the record perfected here before the Court today, the Court now understands the willingness of the statute to impose such a severe penalty when other remedies appear to be ineffective.

Having imposed a substantial monetary judgment, Justice Sprague found that Lee's conduct "would not require his incarceration at this time." That the judge would consider imprisonment is a sure indication that the alternative of a monetary judgment was indeed punitive in nature.

The judgment of $776,270.64 is one of substantial proportions having no obvious relationship to damages incurred or the cost of any remediation. Its purpose was to serve as a penalty whose enforcement could be used to preclude Lee's reentry into the oil and gas business. As a penalty which provides no compensation for actual pecuniary loss, this judgment is rendered non-dischargeable under section 523(a)(7) of the Bankruptcy Code.

■ The DEC also seeks a judgment declaring that its claim is to receive administrative priority. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under

section 501 of this title, is deemed allowed, unless a party in interest ... objects." Because no party in interest has yet objected to the DEC's claim, its allowance is not now in dispute, but is presumed. Thus, the DEC has presented no present controversy which merits resolution by means of a declaratory judgment. Furthermore, the only defendant in this adversary proceeding is the debtor, James R. Lee. As to a distribution from estate assets, the real parties in interest are the trustee and any prospective distributees. It is perhaps for this reason that the debtor has not responded to this portion of the DEC's motion. Due to the absence of a present controversy and the failure to name all necessary parties as defendants, summary judgment is denied with respect to that cause of action which seeks a declaration of administrative priority.

By reason of the foregoing, the New York State Department of Environmental Conservation is awarded summary judgment with respect only to its first cause of action for a declaration that the debtor's indebtedness in the amount of $776,270.64 is non-dischargeable. The balance of its motion is denied.

So ordered.